The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| BILLY JOE OCHELTREE AND KIMBERLY JEAN OCHELTREE, | CASE NO. 11-60316 |
| | JUDGE RUSS KENDIG |
| Debtors. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Before the court is Debtors' Motion to Temporarily Revoke Discharge and Motion to Keep Case Open for Additional 90 Days, filed on September 14, 2011. They desire to temporarily revoke their discharge in order to negotiate a reaffirmation agreement with creditor Beneficial. For the reasons set forth below, the motion is denied.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtors filed a chapter 7 case on February 7, 2011. Their schedules show a debt of $130,718 owed to Beneficial on a mortgage note. The statement of intention, also filed on February 7, 2011, indicated an intent to reaffirm the debt. The last date to object to discharge was June 6, 2011.

On May 13, 2011, at Debtors' request, the court extended the discharge date to August 6, 2011. They indicated they were negotiating a permanent loan modification with HSBC/Beneficial. On July 18, 2011, a reaffirmation agreement was filed. The agreement was rescinded on August 4, 2011. Debtors then obtained a further extension of the discharge date, this time through September 5, 2011, again indicating they continued to negotiate with HSBC/Beneficial. No further action was taken and on

September 7, 2011, the court issued the order of discharge.

## LAW AND ANALYSIS

For multiple reasons, the court cannot grant the relief sought by Debtors. First, revocations of discharge need to be brought as adversary proceedings. Fed. R. Bankr. P. 7001(4).

Second, revocations of discharge are governed by 11 U.S.C. § 727(d). The provision references only three parties as initiators of a revocation action: a creditor, a trustee, or the United States trustee. A debtor does not appear to have the ability to revoke a discharge.

Third, even if a debtor could bring a revocation action, Debtors have failed to demonstrate revocation is appropriate under § 727(d). The section outlines four specific foundations supporting revocation: (1) the discharge was obtained by debtor's fraud, (2) the debtor knowingly and fraudulently failed to account to the estate for after-acquired estate property, (3) the debtor disobeyed a court order or did not respond to a material question, and (4) the debtor did not cooperate in a 28 U.S.C. § 586(f) audit. Revoking a discharge for missing a reaffirmation deadline is not one of the foundations, nor does the conduct rise to the level of the bad action underpinning revocation.

Finally, Debtors' issue is not with the discharge. It is clear they want a discharge. They are merely attempting to rectify the impact of missing deadlines. The reaffirmation agreement was not filed in the time frame set forth in Federal Rule of Bankruptcy Procedure 4008(a). And, although they delayed entry of discharge on two occasions, they failed to timely extend it a third time. Granting the relief requested would allow Debtors to circumvent the clearly established deadlines set forth in the bankruptcy code and rules.

The court will issue an order with this opinion.

#   #   #

**Service List**:

Deborah L Mack
P O Box 486
Mansfield, OH 44901-0486

Billy Joe Ocheltree
Kimberly Jean Ocheltree
5500 Algire Rd
Bellville, OH 44813

Beneficial Finance I Inc.
961 Weigel Dr.
Elmhurst, IL 60126

Mathew Richardson, Esq.
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028